AMAYÉ, Appellant,

v.

Robert Andrew ORAVETZ, Appellee.

No. 14–00–00284–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 13, 2001.

Scott Rothenberg, Bellaire, TX, for appellants.

Ronald Allen Brownstein, Pearland, TX, for appellees.

Panel consists of Justices YATES, FOWLER, and WITTIG.

## OPINION

YATES, Justice.

This is an appeal from a summary judgment in favor of appellee, Robert Andrew Oravetz, in a suit for divorce brought by appellant, Amayé. On appeal, Amayé claims that the trial court erred because (1) summary judgment was granted on a ground not raised in Oravetz's motion

summary judgment and (2) Oravetz failed to meet his burden of negating all causes of action raised in her first amended petition. We affirm.

## I. Introduction

On October 12, 1999, Amayé sued Oravetz for divorce, claiming that "the parties were married in 1989, and ceased to live together as husband and wife on or about June 1, 1993." Oravetz answered and, shortly thereafter, moved for summary judgment, asserting Amayé's claim was based solely upon an allegation of an informal marriage.[1] Accordingly, Oravetz argued that, because Amayé failed to bring her action within two years of the date on which the parties separated and ceased living together as husband and wife, he was "entitled to *judgment as a matter of law*" under section 2.401(b) of the Family Code.[2] (Emphasis our own.) Oravetz's motion asserted that four facts were uncontested. First, the parties were not ceremonially married. Second, the parties never executed a declaration of informal marriage as provided by section 2.402 of the Family Code. Third, the parties ceased living together as of June 1, 1993. Fourth, Amayé filed her divorce petition October 12, 1999. Oravetz attached his affidavit to the summary judgment motion, attesting to each of the foregoing facts.

Amayé's response was twofold. First, she argued Oravetz's failure to deny the existence of a common-law marriage precluded summary judgment. Second, she noted that, although Oravetz's motion cited to section 2.401, the cases cited in his motion rely on section 1.91—the predecessor to 2.401. And while section 1.91 had a strict one-year statute of limitation to prove the existence of an informal marriage, section 2.401 now provides only a rebuttable presumption that no such marriage existed unless an action is instituted within two years of the date the parties separated and ceased living together. Amayé's response did not attach any affidavits or otherwise present any evidence.

On the day of the summary judgment hearing, Oravetz's filed a "memorandum of law" in which he asserted Amayé "failed to offer any evidence to rebut or controvert the facts established in Oravetz's affidavit and the statutory presumption of section 2.401(b)" of the Family Code. Amayé's attorney objected, claiming Oravetz memorandum actually presented a new basis for granting summary judgment, *viz.*, a "no evidence" point, and did not allow her an adequate time to respond. After a non-evidentiary hearing, the trial court granted Oravetz's summary judgment. Amayé now appeals.

## II. Summary Judgment

In her first two points of error, Amayé claims that by allowing Oravetz to assert a new ground for summary judgment on the day of the hearing, the trial court erred in granting summary judgment. We disagree. "The *motion* for summary judgment must state the specific grounds relied upon; grounds contained only in the briefs or summary judgment affidavits will not support the judgment." *Chopra v. Hawryluk*, 892 S.W.2d 229, 233–

---

1. Amayé's petition makes no reference to an informal marriage or common-law marriage.

2. Section 2.401 of the Family Code establishes a rebuttable presumption in favor of the respondent that there was never a marriage. TEX. FAM.CODE ANN. § 2.401(b) (Vernon 1998). Its predecessor, however, provided a strict one-year statute of limitations. Act of May 31, 1969, 61st Leg., R.S., ch. 888, 1969 Tex. Gen. Laws 2707, 2717, amended by Act of May 29, 1989, 71st Leg., R.S., ch. 369, § 9, 1989 Tex. Gen. Laws 1458, 1461, amended by Act of May 24, 1995, 74th Leg., R.S., ch. 891, 1995 Tex. Gen. Laws 4404 (recodified 1997) (current version at TEX. FAM.CODE ANN. § 2.401 (Vernon 1998)).

34 (Tex.App.—El Paso 1995, writ denied) (emphasis in original). The purpose behind the rule requiring specificity in the motion for summary judgment is to provide the nonmovant with adequate information to oppose the motion and to define the issues for the purpose of summary judgment. *Westchester Fire Ins. Co. v. Alvarez,* 576 S.W.2d 771, 772 (Tex.1978).

▮▮▮ Oravetz's motion for summary judgment asserted he was entitled to judgment *as a matter of law* because, under section 2.401(b) of the Family Code, Amayé failed to prove the existence of her common-law marriage within the required two-year period. *See* TEX. FAM.CODE ANN. § 2.401(b) (Vernon 1998) (establishing rebuttable presumption where common-law marriage is not proved within two years from date when couple ceased living together). We hold that Oravetz's motion provided Amayé with sufficient specificity to afford her the chance to avoid summary judgment, notwithstanding the fact that his legal conclusion about the effect of the section 2.401 presumption was incorrect. Oravetz's motion not only cited the proper section from the Family Code, it quoted directly from it. Indeed, in her response to summary judgment, Amayé argued that she intended to rebut the section 2.401 presumption "when her suit is heard on the merits." Due the effect of the presumption, however, this was not an option. *See, e.g., Temple I.S.D. v. English,* 896 S.W.2d 167, 169 (Tex.1995) (holding that a statutory presumption is a rule of law requiring a trier of fact to reach a particular conclusion in the absence of evidence to the contrary). The effect of a presumption is to force the party against whom it operates to produce evidence to negate the presumption. *General Motors Corp. v. Saenz,* 873 S.W.2d 353, 359 (Tex.1993). At summary judgment, that means the resisting party must come forward with evidence sufficient to neutralize the effect of the presumption in order to properly allow the case to proceed to trial. *See, e.g., In re J.A.M.,* 945 S.W.2d 320, 323 (Tex.App.—San Antonio 1997, no writ) (affirming summary judgment where paternity test militated in mother's favor and father presented no evidence to rebut presumption of paternity). Therefore, with or without Oravetz's memorandum of law, Amayé was required to present more than a scintilla of evidence in order to withstand summary judgment on the basis that the couple did not agree to be married. Appellant's first two points of error are overruled.

▮▮▮ In her final point of error, Amayé claims that the trial court's order incorrectly granted summary judgment because Oravetz's motion failed to raise as a ground for summary judgment that (1) the parties were not ceremonially married or (2) the parties never filed a declaration and registration.[3] We disagree. First, Oravetz's motion did assert that the parties were never ceremonially married and further asserted that the parties never executed a declaration of informal marriage as provided by section 2.402 of the Family Code. Likewise, he provided summary judgment proof in the form of a supporting affidavit attesting to these facts. Further, the parties' conduct throughout the proceedings in the court below clearly indicate that the only marriage Amayé sought to prove was an informal or common-law one. For instance, Amayé's first amended petition does not suggest that the parties status arose out of anything other than an

---

**3.** A declaration and registration is simply a method of establishing a common law marriage; it is not an independent basis, as Amayé suggests, upon which a marriage may be founded. *See, e.g., Colburn v. State,* 966 S.W.2d 511, 514 (Tex.Crim.App.1998). Accordingly, Amayé's failure to present evidence to rebut the presumption of no common law marriage negates this "basis" as well.

informal marriage; her original and first amended petitions do not provide a specific date of marriage, stating instead only that "the parties were married in 1989." At the summary judgment hearing, Oravetz's attorney asserted that "I think it will be undisputed that . . . the basis of [Amayé's] claim is an informal or common-law marriage." In response, Amayé's attorney asserted that "the [2.401] presumption that we have to deal with here is the—concerns the agreement to be married. . . ." Amayé has never asserted that her marriage to Oravetz resulted from the filing a declaration, as provided under section 2.402, or resulted from a ceremonial marriage. Until now.

It is elementary that a defendant is not required to rebut a theory not raised by the plaintiff any more than a nonmovant in a summary judgment proceeding is required to notify the movant that it has failed to move for summary judgment on all theories raised in the nonmovant's pleadings. Amayé final point of error is overruled.

The judgment is affirmed.