Opinion issued July 31, 2006





     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00820-CV




JEFFREY BALAWAJDER, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL
DIVISION, Appellee




On Appeal from the 12th District Court
Grimes County, Texas
Trial Court Cause No. 28,596




O P I N I O N

          Appellant, Jeffrey Balawajder, appeals from a motion for summary judgment
granted in favor of appellee, Texas Department of Criminal Justice Institutional
Division (the Department). In his first 13 issues and issue 15, Balawajder contends
that the trial court erred by granting summary judgment in favor of the Department,
and by not granting summary judgment his favor, because the Department violated
his right to free exercise of religion under the Texas Religious Freedom Restoration
Act (TRFRA) and the First Amendment of the United States Constitution. In his
issue 14, Balawajder contends that the trial court erred by not vacating the summary
judgment entered in favor of the Department because the Department violated
Balawajder’s right to equal protection under Article 1, section 3a of the Texas
Constitution by “allowing him additional storage space for writings about subjects of
law, but not allowing him additional storage space for writing [sic] about subjects of
religion.”
          We conclude that the trial court erred by granting summary judgment in favor
of the Department because fact questions remain regarding (1) whether the
Department has a compelling interest not to allow additional storage space for
religious materials, to the extent that it allows additional storage space for legal and
educational materials, and (2) whether the Department has a compelling interest to
prevent the administrative burden on prison officials that would be required by review
of prisoners’ eligibility for additional storage space for religious materials. We
further conclude that because these fact questions remain, Balawajder did not
conclusively establish that A.D. 3.72 violates TRFRA. We thus sustain the portion
of Balawajder’s issues one through 13 and 15 that contend the trial court erred by
granting summary judgment in favor of the Department, overrule those portions that
contend the trial court erred by not granting summary judgment in favor of
Balawajder, and need not address Balawajder’s constitutional complaints.
Background
          Balawajder, a follower of the Hare Krishna religion, has been an inmate in the
Department prison system since 1989. In October 1999, Balawajder filed a request
asking the Department to allow him to practice his religion, which he asserted was
substantially burdened by the Department Administrative Directive 3.72 (AD 3.72).


 
AD 3.72 provides that except for certain noncombustible items, “the total volume of
an offender’s property must be placed in [a] closable storage container” not to exceed
two cubic feet in size. Balawajder stated in his affidavit supporting the request that
as a follower of the Hare Krishna religion, he is required to study the Hare Krishna
scriptures, which consist of “several hundreds of volumes of books.” According to
Balawajder, AD 3.72 substantially burdened his practice of the Hare Krishna religion
by preventing him from possessing the “hundreds of volumes of Hare Krishna
scriptures” needed to practice his religion.
          In May 2000, Balawajder filed a grievance with the Department that was
denied. Balawajder appealed the denial, but his appeal was denied in June 2000. 
Balawajder subsequently filed this lawsuit pursuant to the TRFRA, contending that
AD 3.72 imposed a substantial burden on his free exercise of religion that was neither
in furtherance of a compelling governmental interest nor the least restrictive means
of furthering that interest.


 The Department filed a motion for summary judgment,
alleging that as a matter of law, AD 3.72 furthers a compelling governmental interest
and is the least restrictive means of furthering that interest.


 Balawajder also filed a
motion for summary judgment, alleging that as a matter of law, the storage space
limitation in AD 3.72 does not further a compelling governmental interest and is not
the least restrictive means of furthering that interest. On October 15, 2002, the trial
court granted the Department’s motion for summary judgment and denied
Balawajder’s motion for summary judgment.
                               Summary Judgment Standard of Review
We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). When both sides move for summary judgment and
the trial court grants one motion and denies the other, we review the summary
judgment evidence presented by both sides and determine all questions presented. 
Comm’rs Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997); Cigna Ins. Co. v.
Rubalcada, 960 S.W.2d 408, 411–12 (Tex. App.—Houston [1st Dist.] 1998, no pet.). 
We render such judgment as the trial court should have rendered. Agan, 940 S.W.2d
at 81; Rubalcada, 960 S.W.2d at 412. When, as here, a summary judgment does not
specify the grounds on which it was granted, we will affirm the judgment if any one
of the theories advanced in the motion is meritorious. Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 157 (Tex. 2004).
Traditional summary judgment is proper only when the movant establishes that
there is no genuine issue of material fact and that the movant is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c). The motion must state the specific
grounds relied upon for summary judgment. Id. In reviewing a traditional summary
judgment, we must indulge every reasonable inference in favor of the nonmovant,
take all evidence favorable to the nonmovant as true, and resolve any doubts in favor
of the nonmovant. Valence Operating Co., 164 S.W.3d at 661. 
                                               TRFRA Requirements
TRFRA provides that “a government agency may not substantially burden a
person’s free exercise of religion” unless “the government agency demonstrates that
the application of the burden to the person . . . is in furtherance of a compelling
government interest; and . . . is the least restrictive means of furthering that interest.” 
Tex. Civ. Prac. & Rem. Code Ann. § 110.003(a)–(b) (Vernon 2005). TRFRA
defines “free exercise of religion” as 
an act or refusal to act that is substantially motivated by sincere religious
belief. In determining whether an act or refusal to act is substantially
motivated by sincere religious belief . . . , it is not necessary to
determine that the act or refusal to act is motivated by a central part or
central requirement of the person’s sincere religious belief. 

Tex. Civ. Prac. & Rem. Code Ann. § 110.001(a)(1) (Vernon 2005).
          The federal counterpart to TRFRA is the Religious Land Use and
Institutionalized Persons Act (RLUIPA).


 See Adkins v. Kaspar, 393 F.3d 559, 567
& n.32 (5th Cir. 2004). The language of RLUIPA regarding the burdens of proof
required to demonstrate a violation is substantially similar to that language in
TRFRA, and we thus refer to federal caselaw construing the RLUIPA burdens of
proof for our analysis of TRFRA burdens of proof. See 42 U.S.C.S. § 2000cc-1
(Supp. 2006)


; see also Tex. Civ. Prac. & Rem. Code Ann. § 110.003(a)–(b);
Shesunoff v. Sheshunoff, 172 S.W.3d 686, 692 (Tex. App.—Austin 2005, no pet. h.)
(stating, “When the same or a similar term is used in the same connection in different
statutes, the term will be given the same meaning in one as in the other, unless there
is something to indicate that a different meaning was intended”) (quoting Guthery v.
Taylor, 112 S.W.3d 715, 721–22 (Tex. App.—Houston [14th Dist.] 2003, no pet.)). 
Under RLUIPA, and hence TRFRA, the plaintiff bears the initial burden of showing
that the government is substantially burdening his free exercise of religion. See
Adkins, 393 F.3d at 567 (holding that under RLUIPA, plaintiff has initial burden of
persuasion to demonstrate that government practice imposes “substantial burden” on
his religious exercise).
          Once a plaintiff shows that his free exercise of religion has been substantially
burdened, however, the Texas and federal acts differ regarding which party next has
the burden of proof. In Texas, a rule “that applies to a person in the custody of a jail
or other correctional facility . . . is presumed to be in furtherance of a compelling
governmental interest and the least restrictive means of furthering that interest,” but
the presumption is rebuttable. Tex. Gov’t Code Ann. § 493.024 (Vernon 2004). 
Under TRFRA, therefore, a complaining party must rebut the presumption that any
prison regulation that substantially burdens a prisoner’s free exercise of religion is in
furtherance of a compelling governmental interest and the least restrictive means of
furthering that interest. See id. TRFRA is unlike RLUIPA, which places the entire
burden of proof on the government to show that its substantially burdensome practice
is in furtherance of a compelling governmental interest and the least restrictive means
of furthering that interest. 42 U.S.C. § 2000cc-1(a); Tex. Gov’t Code Ann.
§ 493.024.
          As noted above, AD 3.72 is presumed to be in furtherance of the compelling
governmental interest and the least restrictive means of furthering the interest. See
Tex. Civ. Prac. & Rem. Code Ann. § 110.003(a)–(b); Tex. Gov’t Code Ann.
§ 493.024. “A presumption is simply a rule of law requiring the trier of fact to reach
a particular conclusion in the absence of evidence to the contrary.” Temple Indep.
Sch. Dist. v. English, 896 S.W.2d 167, 169 (Tex. 1995). Thus, “[t]he presumption
disappears when evidence to the contrary is introduced.” Id. Accordingly, “[t]he
effect of a presumption is to force the party against whom it operates to produce
evidence to negate the presumption.” Amaye v. Oravetz, 57 S.W.3d 581, 584 (Tex.
App.—Houston [14th Dist.] 2001, pet denied). In the context of a summary
judgment, the party against whom the presumption operates must produce evidence
sufficient “to neutralize the effect of the presumption” for the case to proceed to trial. 
Id. Thus, the party seeking to rebut the presumption must present evidence raising
a fact issue against the presumption to withstand summary judgment.


 See id. To
rebut the presumption, therefore, the party resisting the government regulation must
present more than a scintilla of evidence, see id., to show that the government
regulation does not further a compelling governmental interest and that the regulation
is not the least restrictive means of furthering that interest. See Tex. Civ. Prac. &
Rem. Code Ann. § 110.003(a)–(b); Tex. Gov’t Code Ann. § 493.024.
          Prison and jail administrators have a compelling interest to establish “necessary
regulations and procedures to maintain good order, security and discipline, consistent
with consideration of costs and limited resources.” Diaz v. Collins, 114 F.3d 69, 73
(5th Cir. 1997) (quoting S. Rep. No. 103-111, at 10, as reprinted in 1993
U.S.C.C.A.N. at 1900). The “orderly administration of [a] prison” is thus a
compelling governmental interest that justifies a substantial burden on the exercise
of religion.


 Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).
          Once a party has carried its burden of production by producing some evidence
to rebut the presumption that the substantial burden furthers a compelling government
interest in the least restrictive means, thus neutralizing the presumption’s effect, see
Temple Independent School District, 896 S.W.2d at 169; Amaye, 57 S.W.3d at 584,
the burden of persuasion shifts to the governmental agency to show that application
of its substantially burdensome practice is in furtherance of a compelling
governmental interest and that it is the least restrictive means of furthering that
interest. See Adkins, 393 F.3d at 567 & n.32.
AnalysisBalawajder contends that the trial court erred by granting summary judgment
in favor of the Department, and by not granting his motion for summary judgment
because the Department violated his right to free exercise of religion under TRFRA. 
Under the shifting burdens of proof described above, Balawajder must overcome two
initial burdens. First, he must show that his free exercise of religion was substantially
burdened by the Department’s rule. See Tex. Civ. Prac. & Rem. Code Ann.
§ 110.003(a)–(b); see also Adkins, 393 F.3d at 567 & n.32. Second, he must rebut the
presumption that favors the Department’s rule by introducing more than a scintilla of
evidence to show that the rule, as applied to him, (1) does not further a compelling
government interest, and (2) is not the least restrictive means of furthering that
interest. Tex. Gov’t Code Ann. § 493.024; see Temple Indep. Sch. Dist., 896
S.W.2d at 169; Amaye, 57 S.W.3d at 584. Once Balawajder introduces more than a
scintilla of evidence to neutralize the presumption’s effect, the Department has the
final burden of proof to show that AD 3.72 furthers a compelling government interest
in the least restrictive means. See Adkins, 393 F.3d at 567 & n.32.A.      Substantial Burden
Although in this appeal both parties dispute whether Balawajder’s free exercise
of religion was substantially burdened by the Department’s rule, at summary
judgment, the Department conceded that Balawajder’s free exercise of religion was
substantially burdened by the rule. We cannot consider issues on appeal from
summary judgment that the movant did not present to the trial court. Lopez v. Munoz,
Hockema & Reed, L.L.P., 22 S.W.3d 857, 862 (Tex. 2000). Specifically, because
“summary judgment is a harsh remedy,” we must “strictly construe [the movant’s]
summary judgment grounds.” Tanksley v. CitiCapital Commercial Corp., 145
S.W.3d 760, 763 (Tex. App—Dallas 2004, pet. denied) (citations omitted). Thus, a
summary judgment motion “must stand or fall on the grounds expressly presented in
the motion.” McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993); accord Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997). 
Although “[g]rounds may be stated concisely, without detail and argument[,] . . . they
must at least be listed in the motion.” McConnell, 858 S.W.2d at 340.
In its motion for summary judgment, the Department stated under the
“undisputed facts” heading that “[the Department’s] refusal to let Balawajder have
extra storage space for his 100 books substantially burdens Balawajder’s free exercise
of religion.” The Department further stated, “[The Department] concedes, for the
purpose of this motion, that preventing Balawajder from having his 100 books
substantially burdens his free exercise of religion.” The Department thus
affirmatively asserted, for the purpose of its summary judgment motion, that AD 3.72
substantially burdened Balawajder’s free exercise of religion. However, the
Department now asserts for the first time on appeal that “Balawajder cannot show that
[AD 3.72] substantially burden[s] his religious exercise” because of a recently
decided Fifth Circuit case that provides a standard for determining whether a person
is substantially burdened. See Adkins, 393 F.3d at 570.


 We cannot consider the
Department’s new assertion because it was not asserted as a summary judgment
ground, and thus the Department’s summary judgment did not challenge Balawajder’s
claim that AD 3.72 substantially burdened his free exercise of religion. See Lopez,
22 S.W.3d at 862; see also McConnell, 858 S.W.2d at 340.B.      Compelling Governmental InterestBalawajder contends that he presented sufficient evidence to rebut the
presumption that favors AD 3.72. Balawajder asserts that the Department allows
extra storage space for legal and educational materials as exceptions to AD 3.72 and
that the Department, therefore, does not have a compelling interest in denying him
that same type of storage space to maintain “good order, security and discipline,
consistent with consideration of costs and limited resources.” See Diaz, 114 F.3d at
73.
First, we determine whether Balawajder’s summary judgment evidence rebuts
the presumption that AD 3.72 furthers the compelling governmental interests in the
least restrictive means. Second, if Balawajder rebuts this presumption, we must
further consider whether the Department’s summary judgment evidence proves that
AD 3.72 furthers compelling governmental interests in the least restrictive means. 
The Department’s motion for summary judgment asserts that the compelling
interests in restricting the amount of storage space were (1) “limiting the amount of
property an inmate may possess,” (2) “not awarding any inmate special privileges or
preferential treatment,” and (3) “allowing prison chaplains to perform their normal
duties attending to prisoner’s spiritual needs, rather than processing inmate requests
for more storage space and making individual determinations about which inmates
get how much space, and dealing with inmate complaints over this issue.” We are
thus limited to considering only the grounds for summary judgment presented to the
trial court by the Department. See Lopez, 22 S.W.3d at 857 (holding court of appeals
cannot consider issues on appeal from summary judgment that movant did not present
to trial court); McConnell, 858 S.W.2d at 340.
The Department attached two affidavits as its summary judgment evidence. 
The first affidavit contains the minutes of the Religious Practice Committee, with its
summary recommendation that
[w]e have a compelling governmental interest in denying this demand. 
[Balawajder] has access to books that he can provide for himself up to
the limit set by property rules. We are in compliance with the
requirement to respond in the least restrictive way possible. Therefore,
his request should be denied. Chaplaincy will respond to the free-world
petitioners and to the offender with specifics about the denial.
 
The second affidavit, executed by Don Kaspar, the Director of the Chaplaincy
Department at the Department, states the following:
If Mr. Balawajder is allowed to have extra storage space for his religious
materials, either in his cell or in the Chaplain’s office, then every other
offender may wish to have the same privilege. If Mr. Balawajder is
given extra space for his property, other offenders will perceive that he
is receiving special privileges and preferential treatment. Additionally,
reviewing every request for additional space for religious materials
would take up a great deal of [the Department] chaplains’ time which
would be better spent on regular duties.
 
This policy has nothing to do with Mr. Balawajder’s Hare Krishna faith. 
Christians, Muslims, Jews, and practitioners of all other religions are
treated the same way. No offender is given extra storage space to store
religious property for the reasons listed above.
The Department’s meager summary judgment evidence does not address the specific
burdens that would be imposed by reviewing requests for additional space, nor does
it address AD 3.72’s exceptions that allow additional storage space for legal and
educational materials.



          Balawajder responds to the Department’s claim that it has a compelling interest
in limiting the amount of inmates’ property by noting that AD 3.72 allows exceptions
for extra storage space for legal and educational materials. Undisputed evidence
shows that the Department allows additional storage space for “educational materials
related to college course work which has been validated/approved . . . for the duration
of the course.” Additional storage space is also authorized for legal materials if the
“first closable storage container is totally filled with legal materials, current
educational materials, and a reasonable amount of other personal property items.” 
AD 3.72 does not limit the number of additional storage containers allowed for legal
and educational materials so long as the prisoner demonstrates compliance with the
requirements allowing for these exceptions. Balawajder contends that these
exceptions are evidence that the Department does not have a compelling interest to
limit his storage space for religious materials in a manner different from legal or
educational materials.



          The Department asserts that because the exception for additional storage for
legal and educational materials is temporary, it “has no bearing on the necessity of
unbending restrictions on the amount of permanent storage space to which each
offender is entitled.” Although the Department contends that the exceptions for
additional storage space are temporary and thus distinguishable from Balawajder’s
request for additional space for religious material, the record shows that the additional
storage space may be temporary or ongoing. Specifically, additional storage space
for educational materials is allowed while an inmate is taking educational courses, but
the Department imposes no limit on the length of time that an inmate is allowed to
take courses. Furthermore, an inmate is allowed additional storage space for legal
materials as long as a continued need for such materials is present.



          Balawajder also challenges the Department’s claim that it has a compelling
interest in not awarding any inmate special privileges or nonuniform treatment.
Balawajder’s opposition to the Department’s motion for summary judgment sets forth
the following examples of nonuniform treatment of certain inmates by the
Department, among others:
          •        Additional storage boxes provided for legal materials, including seven
storage boxes provided to Balawajder for legal materials only;
 
          •        Muslim prisoners excused from work on Fridays from noon to three
p.m.; 
 
          •        Only Christian prisoners assigned to the Department’s Carroll Vance
Unit of the prison;
 
          •        Special kosher diets given to Jewish prisoners; and
 
          •        Native American prisoners allowed to participate in sweat lodges.
Balawajder asserts, therefore, that these exceptions are evidence that the Department
does not have a compelling interest in treating all inmates uniformly with respect to
religious practices. 
          Lastly, Balawajder challenges the Department’s claim that the exception
proposed by him would cause an administrative burden on prison chaplains. Pursuant
to AD 3.72, the law library supervisor must review and document the continued need
for additional storage space for legal materials at least every 90 days. Balawajder
contends that the administrative burden on the chaplain would be no different than
the administration of legal materials and thus that the Department does not have a
compelling interest in relieving the administrative burden on chaplains. By
demonstrating that the exceptions under AD 3.72 allow prisoners to acquire
additional storage containers for legal and educational materials, Balawajder raised
more than a scintilla of evidence to rebut the presumption that limiting inmates’
storage space differently than that for legal or educational material furthers the
Department’s compelling interest in maintaining good order, security, and discipline,
because it rebuts the Department’s contention that it must treat all prisoners uniformly
with respect to storage space. See Diaz, 114 F.3d at 73. 
          We conclude that in response to the Department’s motion for summary
judgment, Balawajder presented sufficient evidence to raise a fact question as to
whether AD 3.72 furthers the Department’s compelling interests in limiting storage
space for books, preventing nonuniform treatment to prisoners, and restricting the
administrative burden on chaplains. The evidence presented by Balawajder shows
that the exceptions under AD 3.72 allow nonuniform treatment to prisoners who need
legal and educational materials and that other nonuniform treatment is given to
specific inmates for various reasons. Certainly, we do not intend to imply that
Balawajder is entitled to “a large and continually expanding Hare Krishna religious
reference library,” as the Department suggests. By creating exceptions for legal and
educational materials and other religious practices, however, the Department did not
prove as a matter of law that prisoners are subject to uniform limitations on the
volume of personal property they may possess. Though the Department may
ultimately prevail in establishing that its regulation furthers a compelling interest in
the least restrictive means, it did not offer conclusive evidence, here, once Balawajder
rebutted the statutory presumption.
          Additionally, by demonstrating that the law library supervisor is required by
AD 3.72 to review and document the continued need for additional storage space for
legal documents every 90 days, Balawajder presented evidence that raises a fact
question regarding whether the Department has a compelling interest in relieving
chaplains from the administrative burden of processing inmate requests for additional
storage space. Specifically, the Department did not show how this administrative
function would be unduly burdensome compared to the law library supervisor’s
administrative burden of reviewing the continued need for legal documents every 90
days. We conclude, therefore, that Balawajder produced more than a scintilla of
evidence to rebut the presumption that favors AD 3.72, and thus the burden shifted
to the Department. 
          Because Balawajder succeeded in shifting the burden back to the Department,
the Department bears the ultimate burden of proving that enforcing AD 3.72 to
prevent Balawajder from having extra storage space for his religious materials
furthers a compelling governmental interest in the least restrictive means. See 
Adkins, 393 F.3d at 567 & n.32. To affirm the summary judgment here, therefore,
the record would have to show that the Department conclusively proved as a matter
of law that enforcing AD 3.72 to prevent Balawajder from having extra storage space
for his religious materials furthers a compelling governmental interest in the least
restrictive means. See Tex. R. Civ. P. 166a(c); Adkins, 393 F.3d at 567 & n.32. The
Department, however, did not present conclusive evidence to demonstrate compelling
interests in (1) not allowing additional storage space for religious materials to the
extent that it allows additional storage space for legal and educational materials, and
(2) preventing the administrative burden on prison officials to determine whether
inmates need additional storage space for religious materials when they are burdened
with such a determination for legal and educational materials. 
          Furthermore, although Balawajder rebutted the presumption that favors A.D.
3.72, we conclude that he did not conclusively establish that A.D. 3.72 violates
TRFRA because the following fact questions remain: (1) whether the Department has
a compelling interest in not allowing additional storage space for religious materials
to the extent that it allows additional storage space for legal and educational
materials, and (2) whether the Department has a compelling interest in preventing the
administrative burden of determining the eligibility of inmates for additional space
for religious materials. Because there are fact questions regarding the Department’s
compelling interests and the least restrictive means to achieve such interests, we
sustain the portion of Balawajder’s issues one through 13 and 15 that contend the trial
court erred by granting summary judgment in favor of the Department, overrule those
portions that contend the trial court erred by not granting summary judgment in favor
of Balawajder, and need not address Balawajder’s constitutional complaints. See
Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999) (stating that courts
of appeals do not consider constitutional challenges that can be disposed of on
nonconstitutional grounds). 
ConclusionWe reverse the summary judgment entered by the trial court and remand this
case for proceedings not inconsistent with this opinion.
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Keyes, Alcala, and Bland.