**Affirmed in part, Reversed and Remanded in Part, and Memorandum Opinion filed August 9, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00653-CV

---

## IN THE MATTER OF THE MARRIAGE OF MARIA SOLORZANO FARJARDO AND GUILLERMO NUNEZ FAJARDO AND IN THE INTEREST OF J.A.F., M.F., D.F., AND N.F., MINOR CHILDREN

---

### On Appeal from the 311th District Court
### Harris County, Texas
### Trial Court Cause No. 2013-44200

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order granting Appellee Guillermo Nunez Fajardo's plea to the jurisdiction and motion to dismiss for lack of jurisdiction based on Appellant Maria Solorzano Fajardo's lack of standing to bring a petition for divorce from common-law marriage. The underlying case included a petition for divorce and a suit affecting the parent-child relationship (SAPCR). Maria raises four issues on appeal, alleging the trial court erred by: (1) granting the defendant's plea to the jurisdiction; (2) finding no genuine issue of material fact of common-

law marriage; (3) finding Maria failed to overcome the presumption in section 2.401(b) of the Texas Family Code; and (4) refusing to allow Maria to make an offer of proof. No issue was raised regarding the final order in the SAPCR.

We conclude that the trial court erred in granting Guillermo's plea to the jurisdiction, and reverse and remand that portion of the judgment for additional proceedings on the merits. We affirm the portion of the judgment regarding the SAPCR. We do not reach Maria's fourth issue on appeal.

## I.    BACKGROUND

Maria and Guillermo met in 2000 and had four children together, born in 2001, 2003, 2008 and 2013. Guillermo has a total of eleven children by seven different women. In July 2013, shortly after their last child was born, Maria filed a petition for divorce and SAPCR. A hearing was held in front of Associate Judge Robert Newey on the preliminary issue of whether a common-law marriage existed. Judge Newey found that Maria and Guillermo did have a common-law marriage. Judge Newey's ruling was appealed and a de novo hearing was granted.

Judge Doug Warne presided at the de novo hearing. At the hearing, Guillermo's counsel urged the court to grant a plea to the jurisdiction and motion to dismiss for lack of standing, arguing that Maria lacked standing to bring the divorce suit because no common-law marriage existed between he and Maria. On request from Maria's counsel, Judge Warne took judicial notice of the transcript from the underlying proceedings before Judge Newey, but he refused to take judicial notice of the exhibits from that proceeding.

The facts regarding the common-law marriage were disputed at the hearing. Maria testified she believed Guillermo agreed to marry her. Maria claimed she began living with Guillermo in 2000 at 10327 Bowman, and they continued living

2

together until December of 2012. Maria also claimed 1905 First Street is the last address she lived at with Guillermo and that the First Street address was her current residence at the time of the hearing. Maria testified that from 2000 to 2003 Guillermo introduced her as his wife "many times." Guillermo and Maria also had a joint bank account. Additionally, Maria produced tax returns from 2004, 2006, and 2007, which have her listed as Guillermo's spouse. However, the tax returns are only signed by the preparer and not by Guillermo or Maria.

Guillermo admitted that he filed tax returns with Maria. However, he testified that he never agreed to be married to Maria, never lived with her, and never told people she was his wife. When asked if he ever got divorced from Maria, Guillermo responded "I was never married to her." Guillermo gave conflicting testimony about living at 10327 Bowman and about living at 1905 First Street. 1905 First Street was the address listed on Guillermo's driver's license at the time of the hearing. Guillermo also produced evidence that he was ceremonially married to Angelica Peralta on August 16, 2005. Several other witnesses testified, some supporting Maria's version of the facts and some supporting Guillermo's version of the facts.

At the conclusion of the hearing Judge Warne found that Maria had failed to rebut the presumption in section 2.401 of the Family Code, and therefore, it was presumed that there was no agreement to be married and no common-law marriage between Maria and Guillermo. Judge Warne granted Guillermo's plea to the jurisdiction and dismissed the divorce portion of Maria's cause of action for lack of jurisdiction based on lack of standing. Judge Warne retained the SAPCR. A final order in the SAPCR was signed on February 16, 2015, and a notice of appeal was timely filed on March 17, 2015.

## II.    STANDARD OF REVIEW

Section 2.401 of the Family Code authorizes a judicial proceeding to prove an informal marriage. Tex. Fam. Code Ann. § 2.401 (West 2006). Although Guillermo filed a plea to the jurisdiction arguing that Maria did not prove the elements of informal marriage under section 2.401, Guillermo did not identify any cases holding that such a failure deprives the trial court of subject-matter jurisdiction.[1] Yet even assuming (as the parties do) that a plea to the jurisdiction is a proper vehicle to make such an argument, we conclude that the plea fails because Maria presented more than a scintilla of evidence of each element.

Standing is a required element of subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000).Without subject-matter jurisdiction a court lacks the plenary power to decide the merits of a case. *Id.* Whether a court has subject-matter jurisdiction is a question of law reviewed de novo. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A trial court may consider evidence when necessary to resolve jurisdictional issues. *Bland,* 34 S.W.3d at 555. When a jurisdictional challenge implicates the merits of the case, the trial court may review the evidence to determine if a fact issue exists. *Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 227. If the evidence creates a question of fact, the trial court cannot grant the plea to the jurisdiction. *Id.* at 227–28. A dismissal for lack of jurisdiction on a contested factual issue is only appropriate if the issue is proven as a matter of law. *Id.* This standard mirrors the standard of review for summary judgment. *Id.* at 228; *see* Tex. R. Civ. P. 166a(c).

---

[1] *Almeida v. Estrada*, holds dismissal is improper in that circumstance. No. 04-05-00255-CV, 2006 WL 2818067, at * 2 (Tex. App.—San Antonio Oct. 4, 2006).

## III.   COMMON-LAW MARRIAGE

To prove an informal or common-law marriage, the proponent of the marriage must prove the parties "agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." Tex. Fam. Code Ann. § 2.401(a)(2).

Two presumptions in the Family Code are relevant to the facts of this case. *See* Tex. Fam. Code Ann. §§ 1.102, 2.401 (West 2006). Section 2.401 of the Family Code provides that if a proceeding to establish the existence of a common-law marriage "is not commenced before the second anniversary of the date on which the parties separated and ceased living together, it is rebuttably presumed" that there was no agreement to be married. Tex. Fam. Code Ann. § 2.401(b).

Section 1.102 of the Family Code provides that "[w]hen two or more marriages of a person to different spouses are alleged, the most recent marriage is presumed to be valid as against each marriage that precedes the most recent marriage until one who asserts the validity of a prior marriage proves the validity of the prior marriage." Tex. Fam. Code Ann. § 1.102. Texas recognizes common-law marriage, but does not recognize common-law divorce or annulment. *Estate of Claveria v. Claveria*, 615 S.W.2d 164, 167 (Tex. 1981). A common-law marriage, like a ceremonial marriage, can terminate only by death, divorce, or court-ordered annulment. *Id.*

The effect of these presumptions is to force the party against whom they operate to produce evidence to negate the presumptions. *See Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993). The party with the burden of rebutting the presumptions must come forward with more than a scintilla of evidence, or the presumptions will operate to disprove the common-law marriage as a matter of

law. *See Amayé v. Oravetz*, 57 S.W.3d 581, 584 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

## IV.   ANALYSIS

Maria's first three issues are that trial court erred by: (1) granting the defendant's plea to the jurisdiction; (2) finding no genuine issue of material fact of common-law marriage; and (3) finding Maria failed to overcome the presumption in section 2.401(b) of the Texas Family Code. Because the analysis of these issues is intertwined, we address them collectively.

A court may review evidence on the merits when necessary to determine a jurisdictional issue, but may not grant a plea to the jurisdiction if the evidence raises a question of fact. *Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 227–28.

Maria filed a petition for divorce on July 30, 2013. Guillermo challenged Maria's standing to bring the petition under section 2.401 of the Texas Family Code, alleging that there was a presumption that there was no agreement to be married, and there was insufficient evidence that the couple held themselves out as married. *See* Tex. Fam. Code Ann. § 2.401. Maria asserted that the couple lived together until December of 2012, which was less than two years before she filed for divorce in July of 2013. Guillermo claimed he never lived with Maria. Because conflicting evidence was presented as to the date of separation, it is unclear that the statutory presumption applied to the determination of standing. However, assuming the presumption did apply, Maria presented more than a scintilla of evidence on the element of agreement (as discussed below), which was sufficient to rebut the presumption.

Maria testified that she believed Guillermo agreed to be married, that she lived with Guillermo from 2000 to 2012, and that Guillermo introduced her as his

wife on several occasions. Maria also presented tax returns showing Maria as Guillermo's spouse. Although this evidence was contested, no evidence was presented that disproved a common-law marriage between Maria and Guillermo as a matter of law. Therefore, the evidence presented a question of fact on the existence of a common-law marriage between Guillermo and Maria. *See Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993) (holding that agreement to be married can be proven circumstantially by proof of cohabitation and representations to others that the couple is married); *Small v. McMaster*, 352 S.W.3d 280, 282–83 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("The existence of an informal marriage is a fact question . . . ."); *Eris v. Phares*, 39 S.W.3d 708, 714 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (holding that testimony of a party of an agreement to be married was more than a scintilla of evidence of agreement).

Guillermo's ceremonial marriage to Angelica in 2005, although presumed valid, also did not negate the elements of a prior common-law marriage to Maria. *See* Tex. Fam. Code Ann. § 1.102; *Claveria*, 615 S.W.2d at 165–66. As noted, Maria presented some evidence on all elements required for a common-law marriage. Additionally, Guillermo admitted he had never divorced Maria. This evidence was sufficient to raise a question of fact on the existence of an alleged prior common-law marriage to Maria. *See Claveria*, 615 S.W.2d at 166.

Because Maria presented more than a scintilla of evidence supporting all three elements of common-law marriage, and Guillermo produced no evidence that conclusively disproved these elements as a matter of law, a question of fact was raised as to the existence of a common-law marriage. Because there was a question of fact on the issue of the existence of a common-law marriage, the trial court erred in granting Guillermo's plea to the jurisdiction and dismissing the case. *See Tex.*

7

*Dep't of Parks & Wildlife*, 133 S.W.3d at 227–28. Maria presented enough evidence to have standing to bring her petition for divorce. Accordingly, we sustain Maria's first three issues. Having sustained these issues we do not reach Maria's final issue.

## V. CONCLUSION

We reverse the order of the trial court granting appellee's plea to the jurisdiction and dismissing appellant's petition for divorce, and remand for a determination on the merits in accordance with this opinion. No issue was raised on appeal regarding the final order in the SAPCR. Accordingly, that portion of the judgement is affirmed.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, McCally, and Busby.