**TEMPLE INDEPENDENT SCHOOL DISTRICT, Petitioner,**

**v.**

**George ENGLISH, Respondent.**

No. 94–0269.

Supreme Court of Texas.

Argued March 21, 1995.

Decided March 30, 1995.

Rehearing Overruled May 11, 1995.

Eric W. Schulze, Austin, for petitioner.

Dianne E. Doggett, Austin, for respondent.

ENOCH, Justice, delivered the opinion of the Court, in which all Justices join.

We are presented with two issues. The first is whether a motion for rehearing is timely under section 16(e) of the Texas Administrative Procedure and Texas Register Act if it is filed within 20 days after the party receives actual notice of the agency's final decision but more than 20 days after the date notice of the decision is mailed. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 362, § 1, 1989 Tex.Gen.Laws 1448, *repealed by* Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 1,

1993 Tex.Gen.Laws 732–52 (current version at TEX.GOV'T CODE § 2001.146(a)). The second issue before us is whether the school district predetermined the outcome of the nonrenewal process, in violation of the Term Contract Nonrenewal Act, by voting to "accept" the superintendent's recommendation to nonrenew a principal's employment contract before conducting a hearing. We hold that the motion for rehearing was timely filed and that the school district's vote was not a predetermination. Therefore, we reverse the judgment of the court of appeals. 866 S.W.2d 73, and render judgment for Temple Independent School District.

The facts in this case are not in dispute. After concluding that the contract of George English, a principal in the Temple Independent School District, should not be renewed, the District's superintendent presented this recommendation to the Board of Trustees at the Board's meeting on March 10, 1986. The superintendent also recommended renewing other employees' contracts at this meeting. The minutes reflect that the Board "approved" the recommendations for contract renewals and "accepted" the recommendation for nonrenewal of English's contract. Three weeks later, the Board met again and affirmed the "previous Board action regarding the proposed nonrenewal of [English's] personnel contract."

After the second meeting, the Board sent a letter to English notifying him of the nonrenewal recommendation and informing him of his right to a hearing as required by the Term Contract Nonrenewal Act (the "TCNA"). TEX.EDUC.CODE §§ 21.204(c), 21.205.

English requested a hearing. After the hearing, the Board voted not to renew his contract. English then appealed to the Commissioner of Education, who upheld the District's decision, finding that the District's actions did not violate the procedural safeguards of the TCNA. The notice of the Commissioner's decision was mailed to English on September 21, 1990. English filed his motion for rehearing on October 17, more than twenty days after notice was mailed but within 20 days of the date he actually received notice. The motion was overruled and

English appealed the decision to the district court. The District filed a plea to the jurisdiction, claiming that the district court lacked jurisdiction because English's motion for rehearing was untimely filed. The district court denied the District's plea to the jurisdiction and affirmed the Commissioner's decision using a substantial evidence standard of review as required by the Administrative Procedure and Texas Register Act. Act of April 8, 1975, 64th Leg., R.S., ch. 61, § 19(e), 1975 Tex.Gen.Laws 147, *repealed by* Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 1, 1993 Tex.Gen.Laws 732–52 (current version at TEX.GOV'T CODE § 2001.174). The court of appeals agreed that the district court had jurisdiction but reversed the district court's judgment, holding that the District, by voting to "accept" the superintendent's recommendation, decided not to renew English's contract prior to the hearing, thereby denying English the procedural protection afforded by the TCNA. 866 S.W.2d at 77.

## I. *Jurisdiction*

▮ Section 16(e) of the Administrative Procedure and Texas Register Act (APTRA), provides:

A motion for rehearing must be filed by a party within 20 days after the date the party or his attorney of record is notified of the final decision or order as required by Subsection (b) of this section.

Act of May 29, 1989, 71st Leg., R.S., ch. 362, § 1, 1989 Tex.Gen.Laws 1448 (repealed 1993) (current version at TEX.GOV'T CODE § 2001.146(a)). Under section 16(b), a party or attorney of record notified by mail of the agency's final decision *is presumed* to have been notified on the date the notice is mailed. *Id.* (current version at TEX.GOV'T CODE § 2001.142(c)). The failure to file a timely motion for rehearing deprives the district court of jurisdiction to review the agency's decision on appeal. *Commercial Life Ins. Co. v. Texas State Bd. of Ins.*, 774 S.W.2d 650, 651 (Tex.1989).

Temple I.S.D. argues that if a party receives the notice within 20 days after it was mailed, the motion for rehearing must be filed within 20 days from the date notice was mailed. In other words, the District argues that in this instance, the presumption in section 16(b) is irrebuttable. We disagree.

▮ The District concedes that at least when a party fails to receive any notice within 20 days of the date of mailing, that party should be permitted to rebut the presumption by showing when actual notice was received. To hold that the presumption of section 16(b) is rebuttable in some *circumstances* and irrebuttable in others is problematic, if not illogical. A presumption is simply a rule of law requiring the trier of fact to reach a particular conclusion in the absence of evidence to the contrary. *Sudduth v. Commonwealth County Mutual Ins. Co.*, 454 S.W.2d 196, 198 (Tex.1970). The presumption disappears when evidence to the contrary is introduced. *Id.* Section 16(e) requires that a party file his motion for rehearing within 20 days of notice of the final decision. A party may rebut the presumption that he was notified on the date of mailing by offering evidence that he actually received notice of the decision at a later date. English did so in this case by offering evidence that he received notice of the Commissioner's decision on September 27. As the District does not otherwise challenge the district court's fact finding or sufficiency of the evidence in this regard, we conclude that English's motion for rehearing was timely and that the district court had jurisdiction of this matter.

## II. *Contract Nonrenewal*

▮ A school district must provide a teacher notice and the opportunity for a hearing before it decides not to renew the teacher's contract. The TCNA provides that when a superintendent recommends to the board of trustees nonrenewal of a contract, the board shall "either reject the recommendation or shall give the teacher written notice of the proposed nonrenewal on or before April 1 preceding the end of the employment term fixed in the contract." Act of May 26, 1981, 67th Leg., R.S., ch. 765, § 2, 1981 Tex.Gen.Laws 2847, *amended by* Act of May 28, 1993, 73d Leg., R.S., ch. 347, § 8.17, 1993 Tex.Gen.Laws 1548 (current version at TEX. EDUC.CODE § 21.204(a)). In addition, the TCNA provides that the board of trustees must establish policies and procedures for receiving recommendations from its school administration for the nonrenewal of term contracts. TEX.EDUC.CODE § 21.203(c).

Here, rather than reject or approve the recommendation for nonrenewal, the Board voted to "accept" the recommendation prior to the hearing. Because these basic facts are not in dispute, we must determine whether, as a matter of law, the Board's vote to accept the recommendation constituted a predetermination of nonrenewal. We conclude that it did not. The Board voted to approve the recommendations for renewal indicating final disposition of those recommendations. The vote to accept, rather than approve, the superintendent's recommendation of nonrenewal indicates that the Board was taking a different course of action as to the nonrenewal. The vote to accept the recommendation was followed by timely notice of the recommendation of nonrenewal and a prompt hearing on the matter, as required by the TCNA. Rather than a predetermination, the vote to accept in this instance amounted to nothing more than a procedural device by which to initiate the nonrenewal process in accordance with the TCNA. We accordingly hold that under the facts of this case the Board did not as a matter of law predetermine the outcome of the nonrenewal process.

We reverse the judgment of the court of appeals and render judgment for Temple Independent School District.