# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00797-CV

**Horacio "Hoss" Castillo, Appellant**

**v.**

**Texas Board of Professional Engineers, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT**
**NO. D-1-GN-11-001905, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Horacio "Hoss" Castillo appeals the trial court's dismissal of his suit for judicial review of the revocation of his engineer's license by the Texas Board of Professional Engineers. The trial court dismissed his petition because he failed to file a motion for rehearing with the Board before seeking judicial review. Castillo contends that the occupations code does not require a motion for rehearing, that he satisfied the requirements for judicial review, that the dismissal of his petition denied him due process, and that the trial court failed to consider issues he raised that do not arise from the Board's order. We will affirm the dismissal.

Castillo cites two provisions of the occupations code that permit judicial review and do not mention a motion for rehearing at the agency level. *See* Tex. Occ. Code §§ 1001.455, .503. He fails to acknowledge, however, the applicability of the Administrative Procedure Act—the express purpose of which is to "restate the law of judicial review of state agency action." Tex. Gov't

Code § 2001.001(3); *see also* Tex. Occ. Code § 1001.508(a) ("a proceeding under this subchapter is subject to Chapter 2001, Government Code").

Under the APA, a timely filed motion for rehearing is a prerequisite to an appeal except in certain conditions not apparent in this case.[1] Tex. Gov't Code § 2001.145(a). To be timely, a motion for rehearing must be filed not later than the 20th day after the date on which the party or the party's attorney of record is notified of the agency's decision. *Id.* § 2001.146(a). A party who has exhausted his administrative remedies and is aggrieved by a final decision in a contested case is entitled to judicial review of the agency order. *Id.* § 2001.171. Timely filing the motion for rehearing with the agency is part of the exhaustion requirement and is a prerequisite to invoking a trial court's jurisdiction. *See Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995) (interpreting statutory predecessor); *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 565 (Tex. App.—Austin 2008, pet. denied).

The trial court did not deny Castillo due process by dismissing his petition for judicial review. The record shows that Castillo received notice of the Board's decision and did not file a motion for rehearing before seeking judicial review. The letter from the executive director of the Board accompanying a copy of the Board's final order had as its second and final paragraph the following statement: "If a motion for rehearing is not filed within 20 days of this notice (June 9, 2011) this Order becomes final, the revocation of your Texas engineer license will be effective on

---

[1] For example, timely filing a motion for rehearing is not a prerequisite for appeal when the agency finds that imminent peril to the public requires the order to be immediately effective or the parties agree to an effective date that precedes the 20th day after the order. Tex. Gov't Code §§ 2001.144(a)(3)-(4), .145(a).

2

June 9, 2011, and this case will be closed." Without a timely motion for rehearing, Castillo was not entitled to judicial review. Castillo did not avail himself of the available rehearing process, did not exhaust his administrative remedies, and, therefore, did not make himself eligible to obtain judicial review of the Board's order. He was not denied due process by the trial court.

Castillo repeats his assertion from the trial court that a motion for rehearing would have been futile because the Board had showed itself biased against him because it had rejected the administrative law judge's recommendations. He asserts that the Board sanctioned him "harshly, unjustly, and selectively." Administrative decision-makers are presumed fair, honest, and unbiased, and allegations to the contrary must be supported with evidence. *Hammack v. Public Util. Comm'n*, 131 S.W.3d 713, 731 (Tex. App.—Austin 2004, pet. denied). Castillo provided no evidence in response to the plea to the jurisdiction or otherwise. Castillo's unsubstantiated allegations of bias and unfairness do not provide a basis for reversing the trial court's dismissal of his suit for judicial review for his undisputed failure to file a motion for rehearing.

Castillo contends that the trial court erred by dismissing his claims that were outside the scope of the Board's order. He asserts that his claims included requests for damages because the Board's order was, he asserts, "based on false and contradictory testimony from the State's witnesses." This is much more specific than the assertion in his trial-court response to the motion to dismiss that "Plaintiff's complaints levied against the Defendant and the request for damages against the Defendant are more extensive than the revocation of the license order issued by the Board." The critical document, however, is his original petition, which must provide fair notice of the claims involved, the nature and basic issues of the controversy, and what testimony

3

will be relevant.  *See* Tex R. Civ. P. 47(a); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).  In his petition, Castillo asserts that the Board's decision is arbitrary, unjustified, and constitutes arbitrary and selective enforcement, and requests that the trial court revoke the Board's order, grant judgment "including but not limited to" reinstating his license, and grant all other relief to which he may be entitled.  Even construing his petition liberally as required,[2] we cannot reasonably infer a claim for any specific recovery beyond judicial review of the Board's order.  The trial court, therefore, did not err if it dismissed claims that were not apparent from the petition.

Because Castillo did not exhaust his administrative remedies regarding the Board's order and did not state claims beyond the scope of judicial review of the Board's order, the trial court did not err by dismissing his petition.  We affirm the trial court's dismissal of Castillo's petition.

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   February 28, 2014

---

[2]  *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).

4