# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00317-CV

**Theophilus Natter, Appellant**

**v.**

**Texas Department of State Health Services, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-14-003659, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Theophilus Natter is a marriage and family therapist licensed by the Texas State Board of Examiners of Marriage and Family Therapists.[1] After finding that Natter violated Board rules by holding himself out as a doctor despite knowing that his doctorate degree was not recognized by the State of Texas, the Board placed Natter's license on probated suspension for one year and assessed an administrative penalty of $500. Natter filed a suit for judicial review of the Board's order. In response to Natter's suit for judicial review, the Texas Department of State Health Services filed a plea to the jurisdiction asserting that the district court lacked subject-matter jurisdiction because Natter did not timely file a motion for rehearing of the Board's order, a

---

[1] The Texas State Board of Examiners of Marriage and Family Therapists is one of twenty-three regulatory programs that comprise the Professional Licensing and Certification Unit of the Texas Department of State Health Services. Among other things, the Board evaluates and issues credentials, conducts complaint investigations, and imposes disciplinary sanctions on licensed marriage and family therapists in the State of Texas.

jurisdictional prerequisite to a suit for judicial review of that order. *See* Tex. Gov't Code § 2001.145 (timely motion for rehearing is prerequisite to appeal in contested case).[2]  The district court granted the plea to the jurisdiction.  We will affirm.

## DISCUSSION

After a contested-case hearing before an administrative law judge (ALJ), the ALJ submitted a proposal for decision to the Board that recommended a one-year probated suspension of Natter's license and an administrative penalty of $500.[3]  The Board rendered its opinion and order on July 12, 2014.  Natter's counsel received notice of the Board's order on August 28, 2014.  Natter then filed a suit for judicial review on September 12, 2014.  Natter did not serve the Department with the suit for judicial review.  Thereafter, on July 9, 2015, Natter filed an amended suit for judicial review which he did serve on the Department.  The Department filed its responsive pleading on July 31, asserting that the district court lacked subject-matter jurisdiction over the suit because Natter did not timely file a motion for rehearing, a jurisdictional prerequisite to his suit for judicial review.

---

[2]  Certain sections of Texas Government Code chapter 2001, the Administrative Procedure Act (APA), were amended by the 84th Legislature, effective September 1, 2015. *See* Act of May 22, 2015, 84th Leg., R.S., ch. 625, 2015 Tex. Gen. Laws 2058.  The changes made apply only to an administrative hearing that is set by the State Office of Administrative Hearings, or another state agency conducting an administrative hearing, on or after September 1, 2015.  Cases in which the hearing was set before September 1, 2015 are governed by the law in effect when the hearing was set, and the former law is continued in effect for that purpose.  Citations in this opinion are to the pre-amendment version of the APA.

[3]  The parties are familiar with the facts of the case, the action recommended by the ALJ, and the action taken by the Board with respect to Natter's license.  Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1.

Under the APA, a timely filed motion for rehearing is a prerequisite to an appeal except in certain situations not germane to this case.[4] Tex. Gov't Code § 2001.145(a). To be timely, a motion for rehearing must be filed not later than the 20th day after the date on which the party or the party's attorney of record is notified of the agency's decision. *Id.* § 2001.146(a). A party who has exhausted his administrative remedies and is aggrieved by a final decision in a contested case is entitled to judicial review of the agency order. *Id.* § 2001.171. Timely filing the motion for rehearing with the agency is part of the exhaustion requirement and is a prerequisite to invoking the district court's jurisdiction. *See Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995) (interpreting statutory predecessor). If a motion for rehearing is not timely filed, the trial court lacks jurisdiction over a suit for judicial review of the agency's decision. *Allee Corp. v. Texas Dep't of Motor Vehicles*, No. 03-13-00096-CV, 2014 WL 6612381, at *2 (Tex. App.—Austin Nov. 21, 2014, no pet.) (mem. op.).

There is no dispute that Natter failed to file a motion for rehearing. Thus, the trial court properly concluded that it lacked subject-matter jurisdiction over Natter's suit for judicial review of the agency order. *See Temple*, 896 S.W.2d at 169; *Allee Corp.*, 2014 WL 6612381, at *8. Natter asserts, however, that he could not have filed a motion for rehearing because he did not receive notice of the Board's order until forty-eight days after it was signed and thus was deprived of the opportunity to "seek a rehearing at the administrative level." Natter's complaint appears to rest on the incorrect assumption that the 20-day time period for filing a motion for rehearing ran from

---

[4] For example, timely filing a motion for rehearing is not a prerequisite for appeal when the agency finds that imminent peril to the public requires the order to be immediately effective. *See* Tex. Gov't Code §§ 2001.144(a)(3), .145(a).

the date the order was signed, making his motion for rehearing due on August 2, twenty-six days before he received notice of the agency's decision. As set forth above, however, the APA plainly provides that the 20-day time period for filing a motion for rehearing runs from the date "on which the party or the party's attorney is notified" of the agency decision. Tex. Gov't Code § 2001.146(a). Because Natter's attorney was notified of the agency's decision on August 28, Natter had until September 17 to file a motion for rehearing. Rather than do so, Natter filed a suit for judicial review without having first exhausted his administrative remedies. The district court correctly concluded that it lacked subject-matter jurisdiction over the suit for judicial review and granted the Department's plea to the jurisdiction.

Natter also argues that he was not required to exhaust his administrative remedies because he has raised a constitutional challenge to the Board's action, specifically that the Board violated his due process rights by failing to notify him of its order until the time for filing a motion for rehearing had expired, thus depriving him of the opportunity to exhaust his administrative remedies. We have already explained that the 20-day time period for filing a motion for rehearing ran from the date Natter's counsel was notified of the order, not the date it was signed. Thus, Natter had twenty days from the date his attorney actually received notice of the agency decision to file a motion for rehearing. Natter's misunderstanding of the governing statute does not create a due process violation. To the extent Natter has alleged any other constitutional violation or defect associated with the Board's action in ordering a probated suspension of his license, such allegations would not excuse his failure to comply with applicable law, including the APA's jurisdictional prerequisites to bringing a suit for judicial review. *See HCA Healthcare Corp. v. Texas Dep't of Ins.*,

4

303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.). When, as here, a statute provides a right to judicial review, a person raising a constitutional claim must comply with the statute's requirements. *Texas Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91, 97 (Tex. App.—Austin 2009, pet. denied) (party making constitutional claim must nonetheless comply with statutory prerequisites for judicial review). Natter did not comply with the prerequisite that he exhaust his administrative remedies by filing a motion for rehearing, and the trial court properly granted the Department's plea to the jurisdiction.

## CONCLUSION

Natter failed to file a motion for rehearing within 20 days after receiving notice of the Board's action ordering a probated suspension of his license and an administrative penalty of $500. Because Natter failed to satisfy this jurisdictional prerequisite to invoking the district court's jurisdiction over this suit for judicial review, the court correctly granted the Department's plea to the jurisdiction and dismissed the suit. We affirm the district court's order.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: September 13, 2016

5