

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-22-00262-CV

IN RE ALEXANDRA GARZA, RELATOR

ORIGINAL PROCEEDING

October 31, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Relator, Alexandra Garza, filed a petition for writ of mandamus challenging the trial court's temporary orders in the underlying suit to modify the parent-child relationship. Garza asserts that the trial court abused its discretion when it granted unsupervised visitation to the real party in interest, Matthew Moreno. We deny mandamus relief.

**BACKGROUND**

Garza and Moreno are the parents of two daughters, P.R.M. and L.A.M., both of whom were born during Moreno's marriage to another woman. In February of 2021, the trial court entered an order appointing Garza and Moreno as joint managing conservators of the children and granted Moreno a standard possession order. After Moreno

committed an act of family violence against Garza, a protective order was entered against him in May of 2021. The order identified Garza as the person protected under the order. Moreno had limited visitation with the children following entry of the order. In November of 2021, Moreno filed a motion for enforcement of possession and access. Shortly thereafter, in December of 2021, Garza filed a petition to modify the parent-child relationship in which she requested that Moreno be removed as a joint managing conservator and excluded from possession and access to the children or, alternatively, that his possession be supervised.

The associate judge removed Moreno as joint managing conservator and limited his possession and access. Both parties sought de novo review. Following the de novo review hearing, the trial court appointed Garza as temporary sole managing conservator and Moreno as temporary possessory conservator. The trial court granted Moreno a modified possession schedule allowing unsupervised visitation. Garza then filed her petition for writ of mandamus.

## STANDARD OF REVIEW

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). As to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes

2

that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *Id.* at 839–40. Under the abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by the evidence. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). The trial judge as the trier of fact may draw reasonable inferences from the evidence, and its findings of fact may not be disregarded on appeal unless the record contains no evidence of probative value from which these inferences may be drawn, or the findings are so contrary to the overwhelming weight of the evidence as to be manifestly wrong. *IFG Leasing Co. v. Ellis*, 748 S.W.2d 564, 565–66 (Tex. App.—Houston [1st Dist.] 1988, no writ).

Because a trial court's temporary orders are not appealable, mandamus is an appropriate means to challenge them. *See, e.g., In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (per curiam); *Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding) (per curiam).

## ANALYSIS

In this proceeding, Garza contends that, in granting Moreno unsupervised visitation, the trial court either (1) acted arbitrarily, unreasonably, or without reference to any guiding rules or principles, or (2) failed to properly analyze and apply the law, because Moreno failed to overcome the rebuttable presumption that unsupervised visitation is not in the best interest of the children.

3

<u>Relevant Law</u>

Texas public policy encourages the development of a close and continuing relationship between each parent and child.  *See* TEX. FAM. CODE ANN. § 153.251(b).[1] The Texas Family Code provides a standard possession order for parents who are designated as joint managing conservators and who reside 100 miles or less apart.  *See* § 153.312.  A trial court may consider several factors when deviating from the standard possession order and is required to consider the commission of family violence in determining whether to deny, restrict, or limit the possession of a child by a parent who is appointed as a possessory conservator.  § 153.004(c).  "It is a rebuttable presumption that it is not in the best interest of a child for a parent to have unsupervised visitation with the child if credible evidence is presented of a history or pattern" of family violence by that parent.  § 153.004(e).

The court may allow a parent with a history of family violence to have access to a child if the court (1) finds that such access would not endanger the child's physical health or emotional welfare and would be in the best interest of the child and (2) renders a possession order designed to protect the child's safety and wellbeing.  § 153.004(d-1).

<u>Discussion</u>

In its temporary order, the trial court found that "there has been a history of past physical abuse by [Moreno] directed against [Garza]" and that finding is not challenged in this proceeding.  The finding triggered the rebuttable presumption that it is not in the best

---

[1] Further references to the Texas Family Code will be to "section __" or § __."

interest of the children for Moreno to have unsupervised visitation. § 153.004(e). "A presumption is simply a rule of law requiring the trier of fact to reach a particular conclusion in the absence of evidence to the contrary." *Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995). The presumption disappears when contrary evidence is introduced. *Id.*

The trial court also found "that awarding [Moreno] access to the children would not endanger the physical health or emotional welfare of the children and that such access would be in the best interest of the children." It further found that the possession order it entered, which requires the children to be exchanged at the home of their maternal grandmother, "is designed to protect the safety and wellbeing of the children and [Garza]."

Garza asserts that Moreno failed to present evidence to rebut the section 153.004(e) presumption that unsupervised visitation is not in the best interest of the children. However, Moreno testified that he believed it was in his daughters' best interest to spend time with him and that "taking them away only hurts the children." He testified that when he was allowed to be around the children, things were "great." He said that "the kids would kick down the door[,] excited that I was there." Additionally, the trial court heard evidence that Moreno's periods of possession were unsupervised both before and after the protective order was entered, and that those visits occurred without incident.

Moreno also testified regarding many attempts he had made to exercise visitation but was prevented from seeing the children by Garza. His counsel elicited testimony that Moreno has no criminal history, does not drink alcohol, and does not use drugs. Moreno testified that he desires to spend time with his children and that he has never done

5

anything to harm them. The record disclosed no conduct by Moreno that posed a risk to the children or endangered their wellbeing. Moreno's mother testified that she observed Moreno interact with his children on many occasions and had no concerns that the children were at risk of harm. Moreno testified that there had been only one incident of domestic violence between him and Garza, which occurred when the two were arguing and Moreno kicked Garza in the leg. Moreno further stated that the children did not witness the incident. Garza testified differently regarding the family violence, stating that their oldest child saw Moreno kick her in the leg. Garza also testified to additional acts of violence by Moreno and to his previous threats of suicide.

Appellate courts give wide latitude to trial courts' determinations on possession and visitation issues. *See In re S.A.H.*, 420 S.W.3d 911, 930 n.31 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)). We defer to the trial court, which was in the best position to evaluate the testimony of Moreno and Garza.

The evidence indicated that Moreno presented no physical danger to the children and that his access to the children would not endanger their physical health or emotional welfare, supporting the conclusion that supervised visitation was not necessary. Moreover, the trial court was free to believe Moreno's testimony indicating he had a positive relationship with the children and that imposing restrictions on his access to them would be harmful to them.

Because there is evidence to support the trial court's finding, we cannot conclude that the trial court abused its discretion in finding that it is in the best interest of the children for Moreno to have unsupervised visitation with them.

## CONCLUSION

Accordingly, we deny Garza's request for mandamus relief.


Judy C. Parker
Justice

7