# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00433-CV

---

**The City of Dallas, Appellant**

**v.**

**Ken Paxton, Attorney General of Texas, Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-003589, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The City of Dallas appeals the district court's final order granting the Attorney General's plea to the jurisdiction in the City's suit under the Texas Public Information Act (PIA). *See* Tex. Gov't Code §§ 552.001-.376. The suit challenged the AG's letters concerning disclosure of information that the City had flagged as attorney-client privileged communications. The AG's plea contended that the City's suit was untimely. *See id.* § 552.324(b) (stating that governmental body seeking declaratory relief from compliance with AG's decision must bring suit under PIA against AG "not later than the 30th calendar day after the date the governmental body receives the decision of the attorney general"). The City responded that (1) the AG did not send the City his letter ordering release of the requested information for alleged noncompliance with the PIA; (2) the AG did not review the representative sample of attorney-client privileged communications that the City timely submitted in support of an exception to public disclosure;

and (3) there is a factual dispute about whether the City missed the suit's filing deadline because the City never received a decision from the AG on the City's claimed exception for attorney-client privileged communications, only a list of over 150 decisions that were posted to the AG's website, from which the City itself downloaded a May 17, 2018 letter ordering disclosure. For the following reasons, we will vacate the district court's final order granting the plea to the jurisdiction and remand this cause for further proceedings.

## BACKGROUND

**City requests AG decision on PIA exemption for privileged attorney-client communications**

The City received a PIA request from Ruth Torres on February 26, 2018, seeking all documents relating to certain housing-discrimination complaints. The City sought clarification of Torres's request, which she provided the next day. Anticipating that some of the requested information was exempt from mandatory disclosure, the City asserted protection under the PIA section applicable to privileged attorney-client communications, raised exceptions in other sections of the PIA generally, and sought a decision from the AG. *See* Tex. Gov't Code §§ 552.107 (PIA exception for information that attorney of political subdivision is prohibited from disclosing because of duty to client under Texas Rules of Evidence or Texas Disciplinary Rules of Professional Conduct), .301 (establishing procedures for governmental body to request AG's decision about whether requested information is within statutory exception).

The City timely sent its request for the AG's decision on March 13, 2018. *See id.* § 552.301(b) (requiring governmental body to request AG's decision on claimed exception no later than tenth business day after date written request is received); *see also City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010) (holding that when governmental entity makes

2

good-faith request for clarification of unclear or overbroad public-information request, ten-day period to request AG opinion runs from date request is clarified).  Then on March 16, 2018, the City timely submitted to the AG written comments explaining why some of Torres's requested information is excepted from public disclosure as privileged attorney-client communications, along with a representative sample of the attorney-client communications contained in Torres's requested information.  *See* Tex. Gov't Code § 552.301 (stating that governmental body seeking exception to public disclosure must, not later than 15th business day after receiving written request, provide written comments stating reasons why stated exceptions apply and provide representative samples of information if voluminous amount of information is requested).  However, the AG did not review the timely submitted written comments and representative sample before making his decision regarding disclosure.

**AG orders disclosure for alleged lack of written comments and representative sample**

On May 17, 2018, an assistant AG in the Open Records Division "issued" the AG's letter ordering disclosure.  *See* Tex. Att'y Gen. OR2018-11726.  The letter faulted the City for failing to submit written comments and a representative sample.  Based on the alleged omission of these items and a presumption in section 552.301 of the Government Code that the information is public under such circumstances, the AG ordered the requested information released for noncompliance with the PIA:

> As of the date of this letter, you have not submitted for our review written comments stating the reasons why the claimed exceptions apply, or a copy or representative sample of the information requested.  Consequently, we find the city failed to comply with the requirements of section 552.301 of the Government Code.

Pursuant to section 552.302 of the Government Code, a governmental body's *failure to comply with the procedural requirements of section 552.301 results in the legal presumption that the requested information is public and must be released unless there is a compelling reason to withhold the information from disclosure.* [Citations omitted]. Although the city raises exceptions to disclosure, because you have not submitted the requested information for our review, we have no basis for finding any of the information excepted from disclosure. Thus, we have no choice but to order the requested information released pursuant to section 552.302. If you believe the information is confidential and may not lawfully be released, you must challenge this ruling in court pursuant to section 552.324 of the Government Code.

(Emphasis added.)

In an April 1, 2019 letter, an assistant city attorney disputed the AG's allegation that the City had omitted written comments justifying the attorney-client privilege exception and a representative sample of the requested information showing the attorney-client communications within Torres's PIA request. The City pointed out that it had timely submitted its written comments and representative sample through the AG's PIA electronic-filing system, provided proof that files containing the comments and representative sample were successfully uploaded to that system, and requested consideration of the submitted items that the AG had overlooked:

On March 5, 2019, our office received your letter indicating that you had not received written comments stating the reasons why claimed exceptions apply or a copy or representative sample of the information pertaining to OR2018-11726.

Attached are copies of the confirmation email and webpage evidencing that our office submitted the letter via the Official Texas Attorney General Public Information Act Electronic Filing System. (*see* Exhibit B).

We respectfully request your consideration of the attached materials:

By electronic submission received by the city of Dallas ("[C]ity") on February 26, 2018, Ruth Torres submitted a request for information pertaining to specified records.

4

The information requested by Ruth Torres has been previously sent to your office for an open records decision on March 13, 2018 (*see* Exhibit C). The City expanded on that request in a subsequent letter on March 16, 2018 (*see* Exhibit C).

In a June 6, 2019 reply, the assistant AG in the Open Records Division who issued the AG's May 17, 2018 letter informed the City that a new identification number was assigned to the City's April 1 letter, indicated that the City's letter was deemed a prohibited "reconsideration" request, and advised the City of the option to file a challenge in district court:

You ask this office to reconsider Open Records Letter No. 2018-11726 (2018). Your request was assigned ID# 768956.

Section 552.301(f) of the Government Code provides that a governmental body is prohibited from asking for a reconsideration of the attorney general's decision.[1] [Citation omitted.] Therefore, unless you file a timely challenge in district court, you must comply with Open Records Letter No. 2018-11726.[2]

---

[1] Subsection 552.301(f) requires a determination from the AG concerning the precise information at issue before a governmental body must release the requested information:

A governmental body must release the requested information and is prohibited from asking for a decision from the attorney general about whether information requested under this chapter is within an exception under Subchapter C if:

(1) the governmental body has previously requested and *received a determination from the attorney general concerning the precise information at issue* in a pending request; and

(2) the attorney general or a court determined that the information is public information under this chapter that is not excepted by Subchapter C.

Tex. Gov't Code § 552.301(f) (emphasis added).

[2] The AG now says that by the time it issued its June 6, 2019 letter, the City could not possibly have filed a timely challenge in district court.

5

This letter did not address the City's submission of its written comments and representative sample through the AG's PIA electronic-filing system.[3]

**City sues and AG files plea to jurisdiction**

Less than 30 days later, on June 21, 2019, the City sued the AG challenging the May 17, 2018 letter ordering disclosure and the June 6, 2019 letter declining the alleged request for reconsideration. *See* Tex. Gov't Code § 552.324(b) (stating that governmental body seeking declaratory relief from compliance with AG's decision must bring suit under PIA against AG within 30 calendar days after date governmental body receives AG's decision). The City sought a judgment declaring that the information at issue is excepted from public disclosure under the PIA as privileged attorney-client communication.

The AG filed a plea to the jurisdiction contending that the City "received a decision about the information at issue" and that the City's suit was untimely under the PIA because it was not filed within 30 days of when the City received the AG's decision. *See id.* In support of the plea, the AG attached evidence of the May 17, 2018 letter and the June 6, 2019 letter declining the alleged request for reconsideration. Relying on paragraph 6 of the City's original petition, the plea also argued that the City received a copy of the AG's May 17, 2018 letter on March 5, 2019. Torres moved to intervene in the suit, *see id.* § 552.325, and to join the AG's plea. She disputed the City's assertion of attorney-client privilege and argued that she was the City's "actual client."

The City filed an amended petition, which was its live pleading at the hearing. In its amended petition, the City alleged that it did not receive the May 17, 2018 letter from the AG:

---

[3] This letter from the AG is unclear about whether the City's submitted documents were returned and enclosed: "Enc: Submitted documents [delete if no docs]."

> After diligent search, Plaintiff has been unable to locate any record of having received Open Records Letter No. OR2018–11726 from Defendant. Instead, Plaintiff did not become aware that a decision relating to the March 13 and March 16 requests for an attorney general ruling had been issued until March 5, 2019. That was the day when an employee of Plaintiff received from Defendant's Open Records Division a list of rulings, including Open Records Letter No. OR2018–11726, and then accessed and downloaded the decision from Defendant's website.

The AG did not amend his plea, which continued to rely on paragraph 6 of a superseded petition.

The City's response to the plea to the jurisdiction included evidence of its letters to the AG, including the March 16 letter that timely submitted the City's written comments and a representative sample identifying the attorney-client privileged communications—between an attorney in the City Attorney's Office and its client, a City department—within the PIA request. The City argued that these letters disproved the AG's allegation about the City's alleged noncompliance with the PIA and that the AG mischaracterized the City's attempt to clarify the status of its request for decision as a request for "reconsideration" of a decision on the comments and representative sample that the AG said was not provided and thus, evaded review despite their timely submission. Among other arguments, the City contended that (1) there was no proof that the AG sent a decision to the City; (2) the City never received its requested decision from the AG as to the timely submitted comments and representative sample at issue; and (3) the City timely filed suit on June 26, 2019, within thirty days of the AG's June 6, 2019 letter stating that the City made a prohibited request for reconsideration. *Cf. id.* § 552.301(f); *cf. also San Jacinto River Auth. v. Paxton*, No. 03-19-00547-CV, 2019 WL 3952829, at *3 (Tex. App.—Austin Aug. 22, 2019, no pet.) (mem. op.) (concluding that party could not seek reconsideration of whether requested information fell within exception to public disclosure when party's request for AG decision was submitted untimely).

7

The district court convened a hearing on the plea to the jurisdiction and considered the parties' submitted evidence. During the hearing, the district court asked the assistant AG to "share with the Court how the Attorney General sends these letters" because "no one is telling me what happened to this correspondence." Rather than responding about how a decision on the claimed exception from disclosure was sent to the City, the assistant AG addressed how copies of PIA rulings are sent to a *requestor*[4]:

> The Public Information Act imposes a deadline on the Attorney General to reach a decision. . . . And then it just requires that we send a copy to the request[o]r, but it doesn't prescribe any particular method. We just send it regular mail, Your Honor, and frankly, we do tens of thousands of these a year. So, some of that, candidly, is just budgetary. Right? I mean, it would be a tremendous expense and undertaking if we were obtaining return receipt on the thousands and thousands of tens of thousands of PIA rulings that we send out.

The assistant AG argued that the AG's May 17, 2018 letter "was served up" to the City because "[t]hey received it from our [w]ebsite. So, even if they didn't get it in the mail, there's no—like we said, there's no requirement of that."

Torres told the district court that she never "got any notices." The City similarly denied that the AG had sent the May 17, 2018 letter by "regular mail" or any other method. Rather, the City "reached out to the Attorney General to request status on several outstanding cases, and in response to that email the Attorney General sent the City a list of well over 150 outstanding decisions." The City went to the AG's website and "fish[ed] through" those 150 decisions before locating the AG's May 17, 2018 letter. But the City was uncertain that the letter

---

[4] "Requestor" is defined in the PIA as "a person who submits a request to a governmental body for inspection or copies of public information." Tex. Gov't Code § 552.003(6); *see id.* § 552.306 (requiring AG to render decision determining whether requested information is within exception to disclosure and distinguishing between "governmental body" and "requestor").

8

retrieved was intended for this case because of the letter's factual inaccuracies about what the City had allegedly omitted from its request to the AG. The City told the district court that Torres has no right or entitlement to privileged attorney-client documents and communications, which the City has an ethical duty to protect.

At the conclusion of the hearing, the district court granted the plea. The City filed a motion for new trial that the district court heard and denied. This appeal followed.

## **DISCUSSION**

**Standard of review**

The City contends that the district court erred in granting the AG's plea to the jurisdiction. Statutory prerequisites to suit are jurisdictional requirements for claims against governmental entities, and a governmental entity may challenge a plaintiff's noncompliance with a statutory prerequisite in a plea to the jurisdiction. *City of Madisonville v. Sims*, 620 S.W.3d 375, 377 (Tex. 2020). We review a trial court's ruling on a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). A plea to the jurisdiction may challenge the facts pleaded and, relevant here, the existence of jurisdictional facts by attaching evidence to the plea. *Miranda*, 133 S.W.3d at 226-27.[5] "[T]he statutory prerequisite in PIA section 552.324 that a governmental body file suit seeking declaratory relief from an Attorney General decision

---

[5] Although the AG's plea to the jurisdiction included a challenge to the City's pleadings—contending in substance that the City had pleaded itself out of court by alleging facts in paragraph 6 that affirmatively negated the timely filing of its cause of action against the AG—the City's original petition was superseded by an amended petition that did not contain similar allegations, and the AG did not amend his plea. *Cf. Texas Dep't of Corr. v. Herring*, 513 S.W.2d 6, 9 (Tex. 1974) (recognizing that party may plead itself out of court by pleading facts that affirmatively negate its cause of action). Thus, we consider the remaining challenge to the existence of jurisdictional facts raised in the AG's plea to the jurisdiction.

on a PIA request within thirty days of receipt of that decision is jurisdictional." *San Jacinto River Auth.*, 2019 WL 3952829, at *3; *see City of Jacksboro v. Two Bush Cmty. Action Grp.*, No. 03-10-00860-CV, 2012 WL 2509804, at *5 (Tex. App.—Austin June 28, 2012, pet. denied) (mem. op.) (noting that "[j]urisdictional facts are facts that relate to whether jurisdiction exists").

A plea to the jurisdiction that challenges the existence of jurisdictional facts requires consideration of the relevant evidence submitted by the parties and necessary to resolving the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. When, as here, a challenge to the existence of jurisdictional facts does not implicate the merits of the case and the facts are disputed, the trial court must make fact findings necessary to resolve the jurisdictional issue. *See id.* at 226. When the trial court does not issue findings of fact, which was not done here, we presume that the trial court resolved all factual disputes in favor of its determination. *See American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). We then determine whether the trial court's implied findings are supported by legally sufficient evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). We review the entire record to determine if any evidence supports jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

The jurisdictional evidence here involves the timeliness of the City's suit, rather than its merits, which involve the claim of attorney-client privilege as to information Torres requested under the PIA. The jurisdictional issue is whether the City presented any evidence that it filed suit against the AG within 30 days of the City's receipt of the AG's decision concerning the required disclosure of the precise information at issue under the PIA. *See* Tex. Gov't Code §§ 552.301(f), .324(b). The crux of the disagreement is when the City received a decision from the AG about whether the City's timely submitted comments and representative sample showed

10

that the information requested from the City included privileged attorney-client communications excepted from public disclosure. *See id.* § 552.107.

By granting the plea to the jurisdiction on the record presented at the hearing, the district court impliedly found that, after the AG issued a decision to the City concerning the required disclosure of the precise information at issue, the City received that decision but did not file suit against the AG within 30 days of its receipt. To prevail, the City must establish that there is no evidence supporting the district court's implied finding that the City's suit was filed untimely. *See Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 263 (Tex. 2014) (noting that party who challenges legal sufficiency of adverse finding on issue on which it did not have burden of proof must demonstrate on appeal that no evidence supports that adverse finding).

We sustain a legal-sufficiency or no-evidence challenge if the record shows: (1) the complete absence of evidence of a vital fact; (2) that the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no more than a scintilla; or (4) that the evidence establishes conclusively the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In reviewing a no-evidence challenge, we view the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *Id.* at 827. The ultimate test for legal sufficiency is whether the evidence would enable reasonable and fair-minded people to make the finding under review. *Id.*

**Legal sufficiency of implied finding of untimeliness**

The Attorney General's plea to the jurisdiction contended that the PIA's 30-day deadline to file suit is jurisdictional and that the City must release all Torres's requested information—regardless of whether it includes any attorney-client-privileged communications excepted from disclosure—because the City missed that deadline. As evidence in support of the plea, the AG attached (1) the letter issued May 17, 2018, faulting the City for failing to submit written comments and a representative sample in support of its claimed exceptions to disclosure and (2) the subsequent letter issued June 6, 2019, addressing what the AG characterized as the City's request for "reconsideration of the attorney general's decision."

Once the AG has determined that the public information must be disclosed, a governmental body's only way to avoid disclosing that information is a suit against the AG seeking relief from compliance with his decision. *Paxton v. City of Dallas*, 509 S.W.3d 247, 266 (Tex. 2017); *see* Tex. Gov't Code § 552.324. Section 552.324 of the PIA provides

> (a) The only suit a governmental body may file seeking to withhold information from a requestor is a suit that:
>
> > (1) is filed in a Travis County district court against the attorney general in accordance with Section 552.325; and
> >
> > (2) seeks declaratory relief from compliance with a decision by the attorney general issued under Subchapter G.
>
> (b) The governmental body must bring the suit not later than the 30th calendar day after the date the governmental body receives the decision of the attorney general determining that the requested information must be disclosed to the requestor. If the governmental body does not bring suit within that period, the governmental body shall comply with the decision of the attorney general. If a governmental body wishes to preserve an affirmative defense for its officer for public information as provided in Section 552.353(b)(3), suit must be filed within the deadline provided in Section 552.353(b)(3).

Tex. Gov't Code § 552.324. Here, the AG's plea to the jurisdiction recites as a "fact[]" that the City received the AG's May 17, 2018 letter on March 5, 2019, citing paragraph 6 of the City's original petition. As we have noted, this pleading was superseded by the City's amended petition, the live pleading when the district court heard the AG's plea, and the AG did not amend his plea. *See* Tex. R. Civ. P. 65 (stating that when pleading is substituted for earlier instrument, earlier one is no longer regarded part of pleading in record); *Sumner v. Board of Adjustments*, No. 01-14-00888-CV, 2015 WL 6163066, at *6 (Tex. App.—Houston [1st Dist.] Oct. 20, 2015, pet. denied) (mem. op.) (noting that earlier-filed petition, superseded by amended one, provided no basis for trial court's ruling on plea to jurisdiction). Allegations in a superseded pleading are no support for the district court's ruling on the plea or its finding on this disputed jurisdictional fact.

Alternatively, the AG argued at the plea hearing, as he does on appeal, that the City received the AG's May 17, 2018 letter that the AG "issued" to the City on March 5, 2019, when the City downloaded it from the AG's website. Because the download date is more than 30 days before the City filed its June 21, 2019 suit, the AG argued that the City's suit was untimely. The AG's plea expressly acknowledged that the City's suit "was brought within 30 days of the Attorney General's June 6, 2019 letter." But in the AG's view, the City had already "received a decision about the information at issue" by that time, and under this Court's precedent in *San Jacinto River Authority*, the 30-day period for filing suit could not begin with "a reconsideration prohibition letter." *Cf.* 2019 WL 3952829, at *3.

The City's response to the plea included affidavits and its correspondence with the AG showing that the City did not receive a determination from the AG concerning the required disclosure of the precise information at issue. *Cf.* Tex. Gov't Code § 552.301(f). The

affidavit from a paralegal with the City Attorney's Office stated that the City was unable to locate any record of receiving the AG's May 17, 2018 letter. The affidavit also explained that after a city employee received "a list of rulings" from the AG's Open Records Division on March 5, 2019, the AG's website was accessed, and the May 17, 2018 letter was downloaded. As noted, the City was uncertain that the letter retrieved was intended for this case because of the letter's factual inaccuracies about what the City had allegedly omitted from its request to the AG.

In its April 1, 2019 letter to the AG, the City pointed out that the City had timely submitted its written comments and representative sample through the AG's PIA electronic-filing system, provided proof that files containing the comments and representative sample were successfully uploaded to that system, and requested consideration of the submitted items that the AG had overlooked. Rather than addressing the City's timely submission of its written comments and representative sample through the AG's PIA electronic-filing system, the AG decided on June 6, 2019, that the City had made a prohibited request for "reconsideration" under subsection 552.301(f) of the Government Code. The AG then advised the City that it would have to comply with the AG's May 17, 2018 letter "unless you file a timely challenge in district court," although the AG now contends that filing a challenge on June 6, 2019, would have been untimely. In sum, the City contends that it never received a decision from the AG about whether the City's timely submitted comments and representative sample showed that Torres's PIA request encompassed attorney-client privileged communications within the section 552.107 exception to public disclosure. We agree.

No evidence supports the district court's implied finding that the City received a decision from the AG concerning the required disclosure of the precise information at issue. The AG did not state how the May 17, 2018 letter was sent to the City, only how copies of PIA

rulings are typically sent to *requestors*. An affidavit from the city's paralegal denied any record of receiving that letter from the AG. The AG asserted that even if he had not mailed that letter, it "was served up" to the City because "[t]hey received it from our [w]ebsite." That assertion conflicts with the provisions of subsection 552.308(a), which address acceptable methods for delivering any PIA notice, decision, or other document from the AG to required recipients.

Subsection 552.308(a) states in relevant part that when a request, notice, or other document must be given to a person within a specified period, the requirement is timely met if the document is "sent" to the person by first class United States mail or common or contract carrier, properly addressed, with postage or handling charges prepaid and: (1) it bears a post-office cancellation mark or a receipt mark of a common or contract carrier indicating a time within the required period; or (2) the person required to give the document furnishes satisfactory proof that it was deposited in the mail or with a common or contract carrier within the required period. *Id.* §§ 552.308(a), .309 (allowing any notice, decision, or other document that Attorney General must "deliver" within specified period to be sent electronically). Nothing in the record shows that any of these delivery methods were used to send the Attorney General's May 17, 2018 letter to the City (or to Torres). No PIA statute authorizes or addresses delivery only by publication or website posting, as the AG suggested to the district court. Thus, there was no evidence to support an implied finding that the City received an AG decision determining that the precise information at issue must be disclosed more than 30 days before the City filed this lawsuit. *See id.* § 552.324(b).

Further, the AG's own evidence at the hearing showed that his May 17, 2018 letter relied on the false premise that the City's request for a ruling on the applicability of the attorney-client privilege was incomplete. Undisputed evidence before the district court at the

15

hearing showed that the City had timely submitted its comments and a representative sample supporting its claimed exception for attorney-client privileged communications. The attorney general had a duty under the PIA to review what the City had timely submitted in support of the exception in section 552.107. *See id.* § 552.306(a) (requiring AG to promptly render requested decision "determining whether requested information is within one of the exceptions of Subchapter C").

Then the AG relied on an omitted-information presumption to order the City's disclosure of the precise information at issue:

> As of the date of this letter, you have not submitted for our review written comments stating the reasons why the claimed exceptions apply, or a copy or representative sample of the information requested. Consequently, we find the city failed to comply with the requirements of section 552.301 of the Government Code.
>
> Pursuant to section 552.302 of the Government Code, a governmental body's *failure to comply with the procedural requirements of section 552.301 results in the legal presumption that the requested information is public and must be released unless there is a compelling reason to withhold the information from disclosure.* [Citations omitted]. Although the city raises exceptions to disclosure, because you have not submitted the requested information for our review, we have no basis for finding any of the information excepted from disclosure. Thus, we have no choice but to order the requested information released pursuant to section 552.302.

*See id.* § 552.302 (stating, in relevant part, that if governmental body does not request attorney general decision as provided by section 552.301, information requested in writing is "presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold the information"). The presumption was applied against the City's requested ruling based only on the AG's perceived noncompliance with the PIA. However, "[a] presumption is simply a rule of law requiring the trier of fact to reach a particular conclusion in

16

the absence of evidence to the contrary. . . . The presumption disappears when evidence to the contrary is introduced." *Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995). The City's evidence at the plea hearing rebutted the public-disclosure presumption arising from its alleged noncompliance with the PIA.

Finally, when the City attempted to clarify the status of its request for decision on the PIA exception for attorney-client privileged communications, the AG mischaracterized the City's letter as a request for "reconsideration" of a ruling on the comments and representative sample that the AG had already said was not provided. As we have noted, subsection 552.301(f) of the Government Code requires a determination from the AG concerning the precise information at issue before a governmental body must release the requested information:

> A governmental body must release the requested information and is prohibited from asking for a decision from the attorney general about whether information requested under this chapter is within an exception under Subchapter C if:
>
> (1) the governmental body has previously requested and *received a determination from the attorney general concerning the precise information at issue* in a pending request; and
>
> (2) the attorney general or a court determined that the information is public information under this chapter that is not excepted by Subchapter C [addressing information excepted from disclosure].

Tex. Gov't Code § 552.301(f) (emphasis added). By relying on a nonexistent ruling, the AG precluded *any determination* as to whether the precise information at issue, identified in the City's timely submitted comments and representative sample, constituted attorney-client privileged communications under section 552.107. In these ways, the appeal before us is distinct from *San Jacinto River Authority*, which involved a dispute about whether the decision that the AG issued and the governmental body received was a "final" one—but did not involve any

dispute about receipt of such decision from the AG and did not implicate the attorney-client privilege in section 552.107. *Cf.* 2019 WL 3952829, at *3. The City could not file suit in district court until the AG made a determination as to whether the precise information at issue, identified in the City's timely submitted comments and representative sample, constituted attorney-client privileged communications excepted from public disclosure under section 552.107. The AG decided not to determine whether the precise information at issue was within the section 552.107 exception when he sent a letter to the City on June 6, 2019, which the City received and then timely appealed on June 21, 2019.

Having viewed all the evidence before the district court at the time of the hearing in the light most favorable to its implied finding of untimeliness, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not, we conclude that there is no evidence from which a reasonable fact finder could have found that the City's suit, filed within 30 days of receiving the AG's June 6, 2019 letter, was untimely. *See City of Keller*, 168 S.W.3d at 807, 810, 827. Thus, we conclude that the district court erred by granting the AG's plea to the jurisdiction on the City's PIA claim seeking a judgment declaring that the information at issue is excepted from public disclosure under the PIA as privileged attorney-client communication.[6] We sustain the City's first issue.

---

[6] The AG contends that the City's determination to protect the information at issue from disclosure is driven by an interpretation of section 552.324 that is "wholly divorced from the statute's purpose." But the Texas Supreme Court has noted that "requir[ing] public disclosure of confidential attorney-client communications as an automatic—and irremediable—sanction for missing a statutory deadline is not necessary to achieve the PIA's objective of an open government and would be a jurisprudential course fraught with peril." *Paxton v. City of Dallas*, 509 S.W.3d 247, 266 (Tex. 2017).

## CONCLUSION

We vacate the district court's final order granting the Attorney General's plea to the jurisdiction and remand this cause to the district court for further proceedings consistent with this opinion.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Theofanis and Ellis

Vacated and Remanded

Filed:   July 17, 2025

19